IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WAGMA MINA HUERTA | § | |
| | § | |
| VS. | § | |
| | § | CA No. 4:19-cv-01107 |
| METROPOLITAN LIFE INSURANCE | § | |
| COMPANY, SHELL OIL COMPANY, | § | |
| AND SHELL OIL COMPREHENSIVE | § | |
| WELFARE BENEFITS PLAN | § | |

**REPLY OF DEFENDANTS SHELL OIL COMPANY AND
SHELL OIL COMPANY COMPREHENSIVE WELFARE BENEFITS PLAN TO
PLAINTIFF'S RESPONSE TO MOTION TO DISMISS COMPLAINT**

Defendants Shell Oil Company ("Shell") and Shell Oil Company Comprehensive Welfare Benefits Plan[1] (the "Plan") (collectively, the "Shell Defendants") file this reply to Plaintiff's Response (Doc. # 22) (the "Response") to the Shell Defendants' motion to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted (Doc. # 12) (the "Motion").

## I.   INTRODUCTION

Plaintiff's Response incorrectly asserts that the Shell Defendants are attempting to bring a motion based on summary judgment standards at the pleading stage.  The Shell Defendants motion is grounded entirely in the insufficiency of the allegations of the Complaint, even if true, to state a plausible claim for relief under applicable federal pleading standards. Because Plaintiff's allegations are insufficient to plausibly state a claim for breach of fiduciary duty under ERISA, the Complaint must be dismissed.

---

[1]       Incorrectly named in the Complaint as "Shell Oil Comprehensive Welfare Benefits Plan."

## II.   ARGUMENT

**A.**   **Plaintiff has not stated a cognizable claim for breach of fiduciary duty under ERISA.**

    **1.**   **Fifth Circuit authority does not support liability for breach of fiduciary duty based on an alleged failure to disclose information that is not part of ERISA's detailed disclosure requirements.**

Plaintiff's response definitively establishes that her claim depends entirely on whether the Shell Defendants had a duty to advise Mr. Huerta of his life insurance porting and conversion rights <u>at the time of his termination</u>.  (Resp. ¶¶ 3-4.)  As noted in the Motion, in rejecting such a duty, the Fifth Circuit has held that "[i]t would be strange indeed if ERISA's fiduciary standards could be used to imply a duty to disclose information that ERISA's detailed disclosure provisions do not require to be disclosed."  (Mot. 9-10) (citing *Ehlmann v. Kaiser Foundation Health Plan of Tex.*, 198 F.3d 552, 555 (5th Cir. 2000)).  Here, Plaintiff does not contend that his rights to port or convert life insurance benefits upon termination of employment were not disclosed at all.  Plaintiff simply alleges that the Shell Defendants should have disclosed these rights to Mr. Huerta separately in connection with his termination—a disclosure obligation ERISA simply does not impose.[2]  Accordingly, Plaintiff has failed to plausibly state a claim for breach of fiduciary duty under ERISA.

    **2.**   **Plaintiff does not allege that the Shell Defendants intentionally deceived Plaintiff or her husband or affirmatively misrepresented his rights or benefits under the Plan.**

Plaintiff alleges that an employee of Shell told Mr. Huerta in an exit interview that he would be sent paperwork to port his insurance, but that the Shell Defendants never advised Mr.

---

[2]    ERISA does impose *some* specific disclosure requirements in the event of termination of employment.  For example, Section 606 of ERISA imposes on a plan administrator the obligation to disclose to a covered employee his or her rights under COBRA to continue medical coverage after termination of employment within 14 days of the administrator's notification of the employment termination.  *See* 29 U.S.C. § 1166.  The fact that ERISA contains detailed disclosure requirements for participant rights to continue certain benefits at the time of termination, but not rights to port or convert life insurance (if any), is further evidence that a claim for breach of fiduciary duty cannot be founded on the failure to make a disclosure of such rights at the time of termination.

Huerta of his options to port or convert life insurance after his termination.   These allegations simply to not rise to the level to support relief for breach of fiduciary duty in the Fifth Circuit.  As noted in the Motion, and unrebutted in the Response through any in-circuit authority, ERISA employers do not breach their fiduciary duties unless they have made intentionally misleading statements about rights or benefits or engaged in other behavior typically associated with fiduciary breaches.  (Mot. 7-9.)  Plaintiff's Complaint contains no allegations that the Shell Defendants did anything intentionally to deceive Mr. Huerta concerning his rights and, consequently, Plaintiff has failed to plead facts that would support recovery on her claim for breach of fiduciary duty.

None of the authorities cited by Plaintiff in the Response support a departure from the Fifth Circuit rule regarding conduct that may trigger a breach of fiduciary duty.  After criticizing the Shell Defendants allegedly for "not cit[ing] a single ERISA case after 2007," Plaintiff proceeds to hinge her arguments on even older out-of-circuit authority.  (Resp. ¶¶ 10-11.)  However, these cases involve inapposite facts that do not support Plaintiff's claims here.

In *In re Unisys Corp.*, the plaintiffs alleged that despite plan terms that permitted termination of retiree medical benefits, the employer systematically made conflicting representations to employees that these benefits would continue for life.  *In re Unisys Corp. Retiree Med. Ben. "ERISA" Litigation*, 57 F.3d 1255, 1264 (3d Cir. 1995).  It was such misleading affirmative representations that contradicted the plan terms that the Third Circuit concluded could potentially support a claim for breach of fiduciary duty.  *See id.*  There are no such allegations in this case.

In *Krohn v. Huron Memorial Hospital*, the plaintiff alleged that, after the plaintiff's husband asked the defendant generally about what benefits the plaintiff was entitled to after suffering a disabling accident, the defendant provided information about some of those benefits

but not all of them.  *Krohn v. Huron Memorial Hosp*., 173 F.3d 542 (6th Cir. 1999).  Although the Sixth Circuit held that these allegations could support a claim for breach of fiduciary duty for failure to provide complete and accurate information in response to a participants' questions under Sixth Circuit precedent, there are no similar allegations in this case that Mr. Huerta generally requested that the Shell Defendants provide information about benefits he could continue at his own cost after termination of his employment.  Rather, the Complaint alleges only that "Mr. Huerta contacted Shell several times to discuss <u>other</u> ported benefits."  (Compl. ¶ 23, emphasis added.)

Moreover, in endorsing this basis for a claim, the Sixth Circuit stated, citing *Varity Corp. v. Howe*, 516 U.S. 489, 496 (1996), that the U.S. Supreme Court has "expressly declined to reach the question of whether ERISA imposes a duty on fiduciaries to disclose truthful information on their own initiative, or in response to employee inquiries."  *Krohn*, 173 F.3d at 547.  As noted in the Motion, the Fifth Circuit, in contrast, has interpreted *Varity* as permitting breach of fiduciary claims only where the plaintiff alleges that a fiduciary engaged in deceptive practices that are not alleged here.  (Mot. 8) (citing *Bodine v. Employers Cas. Co*., 352 F.3d 245, 251 (5th Cir. 2003)).

*Gearlds v. Entergy Servs., Inc*., 709 F.3d 448 (5th Cir. 2013)—the only Fifth Circuit authority cited by Plaintiff in support of her arguments on these points—does not contradict the authorities cited by the Shell Defendants in the Motion, nor does it endorse any broader view applied in other circuits of conduct that may support a claim for breach of fiduciary duty under ERISA as Plaintiff seeks to imply in her Response.  *Gearlds* involved allegations by the plaintiff that he retired early and gave up benefits under his wife's retirement plan after the defendants affirmatively misrepresented to him orally and in writing that he would continue to receive medical benefits after his retirement.  *Id*. at 449.  The *Gearlds* court cited *In re Unisys Corp*. only as support for the proposition that allegations of <u>affirmative misrepresentations</u> by a fiduciary about the

4

benefits to which a participant is entitled may plausibly allege a claim for breach of fiduciary duty. *Id*. at 452, n.1.

In sum, as stated in the Motion, a plaintiff in the Fifth Circuit plausibly alleges a claim for breach of fiduciary duty only if she alleges the fiduciary engaged in intentionally deceptive conduct or made affirmative misrepresentations about benefits, neither of which is alleged in this case.

3.     **Contrary to Plaintiff's Response, Plaintiff does not allege that the Shell Defendants promised to provide her husband information about his rights to port or convert *life insurance* benefits.**

In a futile attempt to save her claim, Plaintiff's Response overstates the allegations of her Complaint.  Plaintiff's Complaint alleges only that Mr. Huerta was informed in an exit interview at the time of his termination that "he would be sent paperwork to port over his insurance." (Compl. ¶ 18.)  This allegation falls short of alleging that Mr. Huerta was specifically told he would be sent paperwork relating to porting of <u>life insurance</u> benefits.  The allegations of the Complaint make clear that Mr. Huerta specifically discussed "other ported benefits" with representatives of Shell on more than one occasion after his termination—i.e., benefits other than life insurance. (*Id*. ¶ 23.) But the Complaint contains no allegations that he ever asked Shell during these conversations specifically about life insurance benefits.  In light of this, there is no basis even for reasonably implying that Plaintiff means to say in her Complaint that Mr. Huerta was specifically told he would be sent life insurance paperwork after his termination without requesting it.  If continuing life insurance coverage was so critical to Mr. Huerta, why weren't these benefits specifically the subject of inquiries that Mr. Huerta had of Shell after his termination?

4.     **Liability for breach of fiduciary duty may not flow from a mere omission or mistake.**

Even assuming that an employee of Shell told Mr. Huerta that he would be sent paperwork relating to porting or conversion of life insurance benefits specifically, and that such paperwork

then was never sent, the Complaint contains no allegation that the failure to send paperwork was intentional or anything more than an administrative error. An allegation of an administrative error, as noted in the Motion, cannot support liability for breach of fiduciary duty under ERISA. (Mot. 8-9); *Hobbs v. Baker Hughes Oilfield Operations, Inc.*, 2007 WL 4223666, at *7 (S.D. Tex. Nov. 28, 2007), *aff'd*, 249 Fed. Appx. 156 (5th Cir. 2008) (citing *Bodine*, 352 F.3d at 251) (emphasis added).

**B.      The Shell Defendants' motion is based on the insufficient allegations of Plaintiff's Complaint and not on evidence admissible only at the summary judgment stage.**

**1.      Plan documents may be considered in the context of a motion to dismiss a complaint that asserts ERISA claims where the plan documents are necessarily embraced by the pleadings.**

It is well established that plan documents may be considered by the Court on a motion to dismiss for failure to state a claim under ERISA if they are referred to in the complaint or necessarily embraced by the pleadings. *See Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1329 n.7 (11th Cir. 2006); *see also Clark v. BASF Corp.*, 142 Fed. Appx. 659, 660-61 (4th Cir. 2005) (finding the court properly considered the plan document because there was no dispute to its authenticity, the document was referenced in the complaint, and the document was central to the plaintiff's claims); *see also Hecker v. Deer & Co.*, 556 F.3d 575, 582 (7th Cir. 2009) (same); *see also Marrero v. Willbros Group, Inc.*, 2013 WL 5440595, at *3 n.2 (S.D. Tex. Sept. 25, 2013) (allowing consideration of the attached severance plans to defendants' motions to dismiss and noting "several courts, including the Fifth Circuit, recognize that a court may consider documents attached not only to the pleadings, but also to a motion to dismiss under Rule 12(b)(6), if they are referred to by the complaint and are integral and central to the plaintiff's claims.") (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)); and *Jordan v. Aetna Life Ins. Co.*, No. 4:11 CV 635 DDN, 2012 WL 274693, at *3 n.4 (E.D. Mo. Jan. 31, 2012) ("The court

may consider the Plan documents, despite not being attached to plaintiff's amended complaint, without converting the motion to dismiss into a motion for summary judgment because the Plan documents are 'necessarily embraced by the pleadings.'").

In addition, when a plaintiff does not attach a pertinent document to the complaint and that document contradicts the complaint, a defendant may attach that document as an exhibit to his motion to dismiss. *Franks v. Prudential Health Care Plan Inc.*, 164 F.Supp.2d 865, 871-72 (W.D. Tex. 2001) ("Here, the plan documents relied upon are specifically referenced in [the] complaint and these documents are central and necessary to [plaintiff's] cause of action, [and] these documents allegedly directly refute the complaint's assertion.").

In fact, even in circumstances where a plaintiff does not specifically refer to plan documents in the complaint, courts can consider the plan documents when the plaintiff's claims are based on rights under the plans which are controlled by the plan's provisions and described in the plan documents. *See Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997), *overruled on other grounds*, *Swierkiwica v. Sorema, N.A.*, 534 U.S. 506, 122 S. Ct. 992 (2002) (allowing consideration of plan documents in a motion to dismiss where a plaintiff's claims are based on rights under the plans which are controlled by the plans' provisions as described in the plan documents and where the documents are incorporated through reference to the plaintiff's rights under the plans, and they are central to plaintiff's claims); *see also Brown v. E.I. Du Pont De Nemours & Co.*, 2010 WL 3488799, *2 (S.D. Ohio Aug. 31, 2010) (allowing consideration of plan documents on a motion to dismiss where the plaintiff's claims are based on rights under the documents).

Plaintiff argues that the Plan's SPD cannot be considered in connection with the Motion because Plaintiff did not specifically refer to it in her Complaint and referred only to the insurance

policy under which Mr. Huerta had been provided coverage and the "Plan," which Plaintiff argues means the formal Plan document and not the SPD.  (Resp. 24.)  Plaintiff's argument is absurd. The SPD is the summary of rights and obligations under the "Plan" that the plan administrator is required by ERISA to give to participants and beneficiaries to inform them of those rights and obligations.  *See* 29 U.S.C. §§ 1022 & 1024(b)(1).  Plaintiff's Complaint expressly acknowledges that the Plan's life insurance porting and conversion rights were not included in the insurance policy, but instead were stated in the "Plan," of which the SPD is the required summary for participants and beneficiaries.  (Compl. ¶¶ 14-15.)  As Plaintiff's claims are based on the Shell Defendants' alleged failure to provide Mr. Huerta with required information about his porting and conversion rights under the Plan, the Plan documents, including both the formal Plan document and the SPD, are necessarily embraced by the pleadings.

Further, there are specific allegations in Plaintiff's Complaint that are simply incorrect and can be easily refuted by consideration of the SPD.  For example, Plaintiff alleges that "[n]o notice was given to Mr. Huerta that Shell was going to stop making premium payments on the Policy on February 28." (Compl. ¶ 19.)  Additionally, Plaintiff alleges that "[t]here was no notice given to Mr. Huerta of his right to port [or convert] the Group Term Life Insurance coverage nor did Shell, the Plan, or MetLife provide the appropriate porting [or conversion] notice that would have allowed Mr. Huerta to port his life insurance coverage from MetLife."  (Compl. ¶¶ 20-21.)  But nowhere does Plaintiff allege that Mr. Huerta was not provided with a copy of the Plan's SPD during the course of his employment and the SPD specifically indicates that not only would premium payments cease upon termination of employment, but that necessary information about porting or conversion was available by making a requests to the Shell Benefits Service Center. (Mot., Ex. A, pp. 104-05, 111-13).  The SPD is therefore central to Plaintiff's claims, directly

refutes assertions by Plaintiff in the Complaint, and is admissible in the context of a motion to dismiss under Rule 12(b)(6) under well-established law.[3]

**2.      There is no allegation of a conflict between the SPD and the formal Plan document.**

Plaintiff also argues that the Court should not consider the SPD in ruling on the Motion because "it would not be enforced against conflicting Plan language."  (Resp. ¶ 26.)  But Plaintiff does not allege any conflict between the SPD and the formal Plan document, and the Shell Defendants cite the SPD simply because it is dispositive evidence of rights and obligations of which Mr. Huerta was informed—the SPD being the summary of the Plan terms that ERISA requires a plan administrator to provide to participants like Mr. Huerta.  Whether there is a conflict between the formal Plan document and the SPD does not change the fact that Mr. Huerta was informed of the contents of the SPD.  In the absence of a claim that is actually predicated on an alleged inconsistency between the SPD and the formal Plan document, Plaintiff provides no basis for the Court not to consider the SPD for the reasons for which it is referenced in the Motion.

**3.      It is not essential for the Court to consider the Plan documents in this case as, even apart from the Plan documents, Plaintiff's allegations are insufficient to state a claim under ERISA.**

Because, as noted in the Motion and above, Plaintiff has failed to plausibly allege a claim for breach of fiduciary duty because she has not alleged she or her husband were intentionally deceived by the Shell Defendants about Mr. Huerta's rights under the Plan, that the Shell Defendants made affirmative misrepresentations about those rights, or that the Shell Defendants failed to comply with any of ERISA's detailed disclosure requirements, it is not essential for the Court to rely upon the SPD itself to dismiss Plaintiff's claims.

---

[3]      Plaintiff also apparently objects to the fact that the Shell Defendants attached an affidavit to their Motion that merely authenticates the SPD.  (Resp. ¶ 22.)  As Plaintiff does not even contest the authenticity of the SPD, this is clearly a red herring.

**C.      Plaintiff's request for leave to amend her Complaint is deficient.**

**1.      The proposed amendment does not address the pleading deficiencies in the claim asserted in the Complaint but simply proposes to plead a new unrelated claim.**

In the event the Court is inclined to grant the Motion, Plaintiff requests that she be granted leave to amend her Complaint to add an entirely new claim for statutory penalties based on the Shell Defendants' alleged failure to provide documents required by regulation to be provided to a participant or beneficiary in connection with a claim for benefits.  (Resp. ¶¶ 28-30) (citing  29 C.F.R.  §§  2560.503-1(h)(2)(iii),  2560.503-1(m)(8)(I)-(iv)).    In  support,  Plaintiff argues that "[b]efore this lawsuit was filed, Mrs. Huerta asked Defendants for documents that they intentionally withheld, only to suddenly produce them to dismiss her lawsuit." (Resp. ¶ 29.)

While the Shell Defendants deny that Plaintiff was not provided with any document she was required to be provided while making a claim for benefits under the Plan, this claim is separate and apart from any pleaded claim in Complaint and Plaintiff does not propose that she should be allowed to amend her Complaint in way that would cure her defective pleading of her claim of breach of fiduciary duty.   Accordingly, Plaintiff's request for leave to amend should be denied as futile.  *See Weisskopf v. United Jewish Appeal-Federation of Jewish Philanthropies of New York, Inc.*, 889 F.Supp.2d 912 (S.D. Tex. 2012) (because none of the proposed changes in Plaintiff's proposed amendment would cure the defects in the complaint, the proposed amendment was held to be futile and the Court properly dismissed the action).

**2.      Plaintiff's proposed new claim is without merit and asserted only, if necessary, as a means of avoiding complete dismissal of her lawsuit.**

Plaintiff alleges in her Response that documents required to be disclosed were intentionally withheld by the Shell Defendants and suddenly produced in order to dismiss her lawsuit.  This is demonstrably false.  The disclosure requirements cited by Plaintiff relate to documents relevant to

10

a claim for <u>benefits</u> under ERISA. *See* 29 C.F.R. §§ 2560.503-1(a).  Plaintiff does not make a claim for benefits in this case.  She does not assert a claim for benefits because it cannot be disputed that Mr. Huerta's right to benefits <u>under the Plan</u> ended upon his termination.  Instead, Plaintiff brings a claim for breach of fiduciary duty, seeking equitable relief, and alleging that the Shell Defendants' conduct prevented Mr. Huerta from porting or converting his life insurance coverage under the Plan into an individual policy, paid for by him, that would have provided life insurance coverage <u>apart from the Plan</u> after his termination.  As Plaintiff is not even asserting a claim for benefits under the Plan itself, the assertion that she was prejudiced by an alleged failure by the Shell Defendants to provide her with required documents in connection with such a claim is, again, a red herring.

## III.  CONCLUSION

Therefore, for the reasons set forth above and in the Motion, the Shell Defendants respectfully request that the court grant their motion to dismiss all claims against them with prejudice.

Respectfully submitted,

/s/ *Michael B. Bennett*
Michael B. Bennett
State Bar No. 00796196
SDTX Bar No. 21828
Eversheds Sutherland (US) LLP
1001 Fannin, Suite 3700
Houston, Texas 77002
Telephone: 713 470 6105
Facsimile: 713 654 1301
michaelbennett@eversheds-sutherland.com

ATTORNEY-IN-CHARGE FOR DEFENDANTS
SHELL OIL COMPANY AND SHELL OIL
COMPANY COMPREHENSIVE WELFARE
BENEFITS PLAN

42106139.1

OF COUNSEL:

Kelsey M. Machado
State Bar No. 24078968
SDTX Bar No. 1358285
Eversheds Sutherland (US) LLP
1001 Fannin, Suite 3700
Houston, Texas 77002
Telephone:  713 470 6124
Facsimile:  713 654 1301
kelseymachado@eversheds-sutherland.com


**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing instrument was this 13th day of May, 2019, electronically filed with the Court's CM/ECF system which was electronically served upon all counsel of record.


_____ */s/ Michael B. Bennett* _____
Michael B. Bennett