IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WAGMA MINA HUERTA, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | |
| § | CIVIL ACTION NO. 4:19-CV-1107 |
| METROPOLITAN LIFE § | |
| INSURANCE COMPANY, SHELL § | |
| OIL COMPANY and SHELL OIL § | |
| COMPANY COMPREHENSIVE § | |
| WELFARE BENEFITS PLAN, § | |
| § | |
| Defendants. § | |

**DEFENDANT METLIFE'S RESPONSE TO PLAINTIFF'S OBJECTIONS
TO THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to Federal Rule 72(b), Defendant Metropolitan Life Insurance Company ("MetLife") files this Response to Plaintiff's Objections to Proposed Report and Recommendation of the United States Magistrate Judge (Doc. 29) and states:

**INTRODUCTION**

Plaintiff sued MetLife contending that she is entitled to equitable relief under ERISA, 29 U.S.C. § 1132(a)(3), because MetLife breached its fiduciary duty by failing to notify her late husband of his options to continue his life insurance coverage under the Shell Oil Company Comprehensive Welfare Benefits Plan (the "Plan"), by porting or converting his coverage once his employment with Shell Oil Company ended. (Plaintiff's Complaint, p. 10, ¶ 41). Plaintiff also alleged that MetLife had a duty to provide him notice that the premiums for this life insurance coverage were not paid after his employment ended. (*Id*. p. 9, ¶ 38). Because it is well settled that providing notice of a plan participant's conversion or porting rights is a ministerial, not a fiduciary,

1

act and a claim administrator has no fiduciary duty to notify a plan participant that his employer has ceased making premium payments on his behalf, MetLife filed a Motion to Dismiss in response to Plaintiff's Complaint (Doc. 10). Relying on a decision by this Court, the Magistrate Judge in her Memorandum and Recommendation ("M & R"), correctly determined that Plaintiff's ERISA claim against MetLife should be dismissed for failure to state a claim upon which relief could be granted (Doc. 28, pp. 16-17). *See Keith v. Metro. Life Ins. Co.*, No. H-15-1030, 2017 WL 1026008 (S.D. Tex. Mar. 15, 2017).

Plaintiff filed Objections to the Magistrate Judge's M&R arguing that the court (1) incorrectly interpreted ERISA's fiduciary requirements, (2) improperly ruled on mixed questions of fact and law that cannot be decided under Fed. R. Civ. P. 12(b)(6), and (3) converted MetLife's Motion to Dismiss to a summary judgment motion without notice. All of Plaintiff's arguments are without merit because MetLife had no fiduciary duty to notify Shell's employee, Arturo Huerta, of the porting or conversion options or that Shell stopped making premium payments after his employment was terminated. Additionally, MetLife is entitled to judgment as a matter of law, because there are no mixed questions of law or fact raised by Plaintiff's allegations. And lastly, although MetLife attached the Shell Plan documents to its Motion to Dismiss, the Magistrate Judge expressly found that Plaintiff's complaint allegations provided sufficient factual information to allow her to rule on MetLife's Motion to Dismiss without consideration of the Plan documents, so there was no conversion of MetLife's Motion to Dismiss to a Motion for Summary Judgment. Accordingly, the Magistrate Judge's M & R should be approved and adopted and MetLife's Motion to Dismiss granted.

**RESPONSE TO PLAINTIFF'S OBJECTIONS**

**A.     As A Matter of Law MetLife Did Not Breach Any Fiduciary Duty**

For Plaintiff to recover equitable relief against MetLife for breach of fiduciary duty under ERISA's "catch-all" provision, 29 U.S.C. § 1132(a)(3), she must establish that MetLife is (a) a plan fiduciary, (b) has breached its fiduciary duties under ERISA, (c) that such a breach caused her injury, and (d) that the equitable relief sought is indeed appropriate. *See Keith v. Metro. Life Ins. Co.*, No. H-15-1030, 2017 WL 1026008, at *3 (S.D. Tex. Mar. 15, 2017) (quoting *Shonowo v. Transocean Offshore Deepwater, Inc.*, No. 4:10-cv-1500, 2011 WL 3418405, at *5 (S.D. Tex. Aug. 3, 2011)). Relying on a decision from this Court, the Magistrate Judge determined that based on Plaintiff's pleadings MetLife did not breach any fiduciary duties under ERISA, because providing notice of a plan participant's conversion or porting rights is merely a ministerial act, not a fiduciary one, and there is no fiduciary duty for an insurer to notify an employee of the cessation of premium payments by his employer. *See Keith v. Metro. Life Ins. Co.*, No. H-15-1030, 2017 WL 1026008, at **3-4 (S.D. Tex. Mar. 15, 2017) (any duty to notify an employee of the option to convert his coverage "would be nonfiduciary and ministerial"); *see also* 29 C.F.R. § 2509.75-8 (D-2); *Brenner v. Metro. Life Ins. Co.*, No. 11-12096-GAO, 2015 WL 1307394, at *9 (D. Mass. Mar. 23, 2015).

In this case, the Magistrate Judge noted that "Plaintiff here made the very same allegations against MetLife as were alleged in the Keith case," alleging that MetLife breached its fiduciary duty by failing to notify the employee of his option to convert his life insurance coverage. (Doc. #28, p. 16). Plaintiff does not dispute this, but rather contends that the Magistrate Judge misinterpreted MetLife's fiduciary duties under ERISA by overlooking "controlling precedent" from the Fifth Circuit and other circuits. (Plaintiff's Objections, pp. 2-3, ¶¶ 7-8). Plaintiff argues

3

that MetLife's duties arose from its unique position as the insurer (not as a claim fiduciary) and are "more expansive than the limited interpretation advanced" by the Magistrate Judge. (*Id.* at p. 4, ¶ 10).  The cases Plaintiff cites are distinguishable from the alleged facts here and Plaintiff's argument infers, without support, that there is more to MetLife's actions than she actually alleged in the Complaint.

Each of the cases cited by Plaintiff, as Plaintiff's own argument suggests, are against employers or related entities that made affirmative misrepresentations to employees about their benefits or failed to provide complete information to employees knowing failure to do so might cause harm. *See Gearlds v. Entergy Servs., Inc.*, 709 F.3d 448, 451 (5th Cir. 2013) (affirmative misrepresentations by employer and plan administrator that employees, once retired, had benefits for life); *Krohn v. Huron Mem'l Hosp.*, 173 F.3d 542, 545, 547 (6th Cir. 1999) (employer failed to provide complete information about the availability of disability benefits); *Farr v. U.S. W. Commc'ns, Inc.*, 151 F.3d 908, 914-15 (9th Cir. 1998) (employer misrepresented facts relating to the tax consequences of an early retirement program); *In re Unisys Corp. Retiree Med. Benefit "ERISA" Litig.*, 57 F.3d 1255, 1264 (3rd Cir. 1995) (employer "affirmatively and systematically" misrepresented to employees that as retirees their medical benefits would continue for life).

Plaintiff claims in her Objections that she has pled specific facts sufficient to support her claim against MetLife, because she "pled that on the day of his termination from Shell, Mr. Huerta 'was advised by MetLife, Shell and the Plan that paperwork to port or convert the Policy would be sent to him. [Doc. 1, ¶13].'" (Plaintiff's Objections, p. 4, ¶ 13 (quoting Plaintiff's Complaint, p. 4, ¶ 13)).  Plaintiff goes on to state that in his exit interview with Shell HR, Mr. Huerta was advised that he would be sent paperwork to port his insurance. (*Id.* at pp. 4-5).  Plaintiff further alleges in her Complaint that "Mr. Huerta was terminated by Shell after meeting with a Shell

4

employee." ((Plaintiff's Complaint, p. 5, ¶ 18). Plaintiff does not explain or state any facts as to how, on the day of his termination, MetLife advised Mr. Huerta that paperwork to port or convert his life insurance coverage would be sent to him. This is simply a conclusionary statement by Plaintiff, which cannot be considered in determining MetLife's Motion to Dismiss. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-57 (2007); *Allen v. Walmart Stores, L.L.C.,* 907 F.3d 170, 177 (5th Cir. 2018); *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) ("We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions."). The Magistrate Judge recognized that Plaintiff's Complaint contained no facts as to how or when MetLife promised Mr. Huerta that the paperwork would be sent to him and stated that the "facts of the complaint do not lend themselves to an inference that either Defendant MetLife or Defendant Plan had the opportunity to make that promise." (Doc. 28, p. 3 n.11).

As admitted in Plaintiff's Complaint, Shell's Summary Plan Description instructs Plan participants to contact the Shell Benefits Center to obtain the forms to convert or port their life insurance coverage. (Plaintiff's Complaint, pp. 4-5, ¶¶ 15-17). Because MetLife had no duty to notify Plan participants of the cessation of premium payments or to provide information regarding porting or converting life insurance coverage, and because providing such information is a ministerial act, the Magistrate Judge correctly determined that Plaintiff's breach of fiduciary duty claim as to MetLife should be dismissed.

**B.     Plaintiff's Pleadings Fail to Allege Facts That Raise Mixed Questions of Fact and Law**

Plaintiff argues that the Magistrate Judge incorrectly found as a matter of law that MetLife was not a fiduciary, because the issue of MetLife's fiduciary status is a mixed question of fact and law. Plaintiff, however, does not argue or assert any disputed facts that the Magistrate Judge improperly determined or that would create a fiduciary duty for MetLife. The Magistrate Judge

5

stated that unlike the facts in *Keith,* which were not ordinary, the alleged facts in "this case are ordinary. The facts presented in Plaintiff's complaint only support the allegation that Arturo was not notified of certain information." (Doc. 28, p. 18).  In her Complaint, Plaintiff has accused MetLife of nothing more than failing to perform a ministerial act, *i.e.*, not providing conversion or porting notices, and failing to perform an act it had no obligation to perform, *i.e.*, notifying Mr. Huerta of the cessation of premium payments. Because Plaintiff's pleadings fail to allege facts sufficient to create disputed questions of fact and law, MetLife's Motion to Dismiss was properly granted.

**C.    The Magistrate Judge Did Not Convert MetLife's Motion to Dismiss Into a Summary Judgment Motion**

With its Motion to Dismiss, MetLife filed an Appendix with relevant pages from the Shell Plan's summary plan description, referred to as "the Plan" in the Complaint, and relevant pages of MetLife's Certificates of Insurance for the basic and optional life insurance under the Shell Plan, referred to as "the Policy" in the Complaint. (Doc. 11).  As general rule, when matters outside the pleadings are considered, a motion to dismiss for failure to state a claim is converted into a motion for summary judgment.  *See* FED. R. CIV. P 12(d).   However, there is a well-established exception. Documents referred to in a complaint and that are central to a plaintiff's claim may be considered by a court when determining a motion to dismiss because they are considered part of the pleadings. *See Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000); *Plaisance v. Schiller*, No. H-17-3741, 2019 WL 1205628, at *4 (S.D. Tex. Mar. 14, 2019); *Patrick v. Whitaker*, No. H-18-2068, 2019 WL 588465, at *5 (S.D. Tex. Feb. 13, 2019).

The Magistrate Judge clearly ruled only on MetLife's Motion to Dismiss, because she expressly stated that she did. (Doc. 28, p. 21).  Further, in the M & R, the Magistrate Judge stated

6

that Plaintiff referred to the terms of the Plan and the Policy repeatedly in the Complaint and the documents were, without a doubt, central to Plaintiff's breach of fiduciary duty claim, but she did not consider the documents because the allegations in the Complaint provided sufficient factual information to rule on MetLife's Motion to Dismiss. (Doc. 28, p. 10). Thus, the Magistrate Judge could have considered the Plan documents because they meet the criteria for being a part of the pleadings, but she did not do so. The presence of documents in the record that were not relied upon by the court does not convert the motion to dismiss into one for summary judgment. *See U.S. ex rel. Long v. GSDMIdea City, L.L.C.,* 798 F.3d 265, 275 (5th Cir. 2015); *Fernandez-Montes v. Allied Pilots, Ass'n*, 987 F.2d 278, 283 (5th Cir. 1993). Since MetLife's Motion to Dismiss was not converted to a summary judgment motion, Plaintiff is not entitled to the discovery that she seeks and Plaintiff's request for discovery should be denied.

## CONCLUSION

There is no fiduciary duty for a claim fiduciary to advise Plan participants of their rights and options under the Plan, including providing information as to their conversion and porting rights. Plaintiff's claim against MetLife for its alleged duty and breach of that duty for failing to provide Mr. Huerta notices of his right to convert or port his life insurance coverage or notifying him when premium payments stopped are not fiduciary duties, so there can be no breach of any fiduciary duty. Accordingly, the Magistrate Judge's recommendation that MetLife's Motion to Dismiss be granted should be approved and adopted.

WHEREFORE, Defendant Metropolitan Life Insurance Company requests that the Court approve and adopt the Magistrate Judge's Memorandum and Recommendation, grant MetLife's Motion to Dismiss, dismiss Plaintiff's Complaint, deny Plaintiff's request for discovery, and grant MetLife all other and further relief to which it is justly entitled.

Respectfully submitted,

/s/ *Linda G. Moore*
Linda G. Moore
State Bar No. 14359500
Southern District No. 20049
ESTES THORNE & CARR PLLC
3811 Turtle Creek Blvd., Suite 2000
Dallas, Texas 75219
(214) 599-4000
(214) 599-4099 (facsimile)
lmoore@estesthornecarr.com

ATTORNEY-IN-CHARGE FOR
DEFENDANT METROPOLITAN LIFE
INSURANCE COMPANY

**CERTIFICATE OF SERVICE**

I hereby certify that on February 18, 2020 this Response was electronically transmitted to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Amar Raval
Berg Plummer Johnson & Raval, LLP
3700 Buffalo Speedway, Suite 1150
Houston, Texas 77098

Linda M. Dedman
Dana E. Harbin
Dedman Law, PLLC
12720 Hillcrest Rd., Suite 1042
Dallas, TX 75230

Michael Bennett
Kelsey M. Machado
Eversheds Sutherland LLP
1001 Fannin St., Suite 3700
Houston, TX 77002

*/s/ Linda G. Moore*
Linda G. Moore