IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WAGMA MINA HUERTA § | |
| § | |
| VS. § | |
| § | CA No. 4:19-cv-01107 |
| METROPOLITAN LIFE INSURANCE § | |
| COMPANY, SHELL OIL COMPANY, § | |
| AND SHELL OIL COMPREHENSIVE § | |
| WELFARE BENEFITS PLAN § | |

**RESPONSE OF SHELL OIL COMPANY AND
SHELL OIL COMPANY COMPREHENSIVE WELFARE BENEFITS PLAN TO
PLAINTIFF'S OBJECTIONS TO MAGISTRATE RECOMMENDATION**

Defendants Shell Oil Company ("Shell") and Shell Oil Company Comprehensive Welfare Benefits Plan[1] (the "Plan") (collectively, the "Shell Defendants") file this response to Plaintiff's Objections to Proposed Report and Recommendation of the United States Magistrate Judge (Doc. # 29) (the "Objections").

## I.  INTRODUCTION

In her Memorandum and Recommendation (Doc. # 28) (the "Recommendation"), Magistrate Johnson correctly determined that this Court's analysis in *Keith v. Metropolitan Life Ins. Co.*, Civil Action No. H-15-1030, 2017 WL 1026008 (S.D. Tex. 2017) demonstrates why the Shell Defendants' motion to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted (Doc. # 12) (the "Motion") must be granted in this case.  To the extent the Recommendation does not explicitly address all of the points raised by Plaintiff's Objections, these points were raised by Plaintiff and rebutted by the Shell Defendants in the briefing on the motion to dismiss, and, therefore, were already considered and rejected by the Magistrate.

---

[1]  Incorrectly named in the Complaint as "Shell Oil Comprehensive Welfare Benefits Plan."

Plaintiff's Objections to the Recommendation should be overruled because: (1) they are based on purported fiduciary duties that are not recognized in the Fifth Circuit; (2) providing paperwork for porting or converting life insurance benefits at the time of an employee's termination involves an administrative function, not a fiduciary one, and Plaintiff has not pleaded facts that plausibly could transform this administrative function into a fiduciary one; and (3) Plaintiff's objection to the Magistrate's consideration of the Plan's SPD is a red herring, as no facts have been alleged to call into question that the SPD was as an accurate summary of the Plan's terms that was provided to Plaintiff's husband, Mr. Huerta, when he was employed by Shell. Because Plaintiff's allegations are insufficient to plausibly state a claim for breach of fiduciary duty under ERISA, the Complaint must be dismissed.

1. **Plaintiff has not plausibly alleged a claim for breach of fiduciary duty on the part of the Shell Defendants.**

    a. **Fifth Circuit authority does not support liability for breach of fiduciary duty based on an alleged failure to disclose information that is not part of ERISA's detailed disclosure requirements.**

Plaintiff's claims are predicated on an alleged fiduciary duty on the part of Shell Defendants to provide him, <u>at the time of his termination</u>, with additional notice of his rights under the Plan.  (Objections ¶ 3.)  The Fifth Circuit has rejected that such a fiduciary duty exists, holding that "[i]t would be strange indeed if ERISA's fiduciary standards could be used to imply a duty to disclose information that ERISA's detailed disclosure provisions do not require to be disclosed." (Mot. 9-10) (citing *Ehlmann v. Kaiser Foundation Health Plan of Tex.*, 198 F.3d 552, 555 (5th Cir. 2000)); *see also Keith*, 2017 WL 1026008 *3 (noting that it was undisputed that defendants had no routine obligation to notify a participant of his options to maintain life insurance upon termination of employment).

2

Here, Plaintiff does not contend that her husband's rights to port or convert life insurance benefits upon termination of employment were not disclosed at all—as these rights and how to exercise them were explained in the Plan's SPD, which Plaintiff does not dispute. Rather, Plaintiff alleges that the Shell Defendants should have disclosed these rights to Mr. Huerta separately in connection with his termination—a disclosure obligation ERISA simply does not impose.[2] Accordingly, Plaintiff failed to plausibly state a claim for breach of fiduciary duty under ERISA.

Under Fifth Circuit authority, there is no claim for breach of fiduciary duty in the absence of "allegations of deceptive practices, misrepresentations, or other behavior typically associated with fiduciary breaches under ERISA as required by *Varity v. Howe*, 516 U.S. 489, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996)." *Bodine v. Employers Cas. Co.*, 352 F.3d 245, 251 (5th Cir. 2003); *see also Hobbs v. Baker Hughes Oilfield Operations, Inc.*, 2007 WL 4223666, at *7 (S.D. Tex. Nov. 28, 2007) (holding, citing *Bodine*, that "ERISA employers do not breach their fiduciary duties when the plaintiff makes no allegations of deceptive trade practices, misrepresentations, or other behavior typically associated with fiduciary breaches by employers under ERISA, as required by *Varity*."), *aff'd*, 249 Fed. Appx. 156 (5th Cir. 2008).

Plaintiff does not allege any such misconduct on the part of the Shell Defendants in this case. Instead, Plaintiff argues for an expansion of the standard for breach of fiduciary enunciated in the Fifth Circuit, primarily on the basis of out of circuit cases (Objections ¶ 8), none of which support a departure from the binding Fifth Circuit authority regarding conduct that may trigger a breach of fiduciary duty.

---

[2] ERISA does impose certain specific disclosure requirements in the event of termination of employment. For example, Section 606 of ERISA imposes on a plan administrator the obligation to disclose to a covered employee his or her rights under COBRA to continue medical coverage after termination of employment within 14 days of the administrator's notification of the employment termination. *See* 29 U.S.C. § 1166. The fact that ERISA contains detailed disclosure requirements for participant rights to continue certain benefits at the time of termination, but not rights to port or convert life insurance (if any), is further evidence that a claim for breach of fiduciary duty cannot be founded on the failure to make an additional disclosure of such rights at the time of termination.

3

In *In re Unisys Corp.*, the plaintiffs alleged that despite plan terms that permitted termination of retiree medical benefits, the employer systematically made conflicting representations to employees that these benefits would continue for life. *In re Unisys Corp. Retiree Med. Ben. "ERISA" Litigation*, 57 F.3d 1255, 1264 (3d Cir. 1995). It was such misleading affirmative representations that contradicted the plan terms that the Third Circuit concluded could potentially support a claim for breach of fiduciary duty. *See id*. There are no such allegations in this case.

In *Krohn v. Huron Memorial Hospital*, the plaintiff alleged that after the plaintiff's husband asked the defendant generally about what benefits the plaintiff was entitled to after suffering a disabling accident, the defendant provided information about some of those benefits but not all of them. *Krohn v. Huron Memorial Hosp*., 173 F.3d 542 (6th Cir. 1999). Although the Sixth Circuit held that these allegations could support a claim for breach of fiduciary duty under Sixth Circuit precedent on the grounds that the defendant failed to provide complete and accurate information in response to a participants' questions, there are no similar allegations in this case that Mr. Huerta generally requested that the Shell Defendants provide information about benefits he could continue after termination of his employment that the Shell Defendants failed to provide. Rather, the Complaint alleges only that "Mr. Huerta contacted Shell several times to discuss <u>other</u> ported benefits." (Pl.'s Compl. ¶ 23, emphasis added.) And there is no allegation that Shell failed to provide Mr. Huerta the information he requested.

Moreover, in endorsing this basis for a claim, the Sixth Circuit stated, citing *Varity Corp. v. Howe*, 516 U.S. 489, 496 (1996), that the U.S. Supreme Court has "expressly declined to reach the question of whether ERISA imposes a duty on fiduciaries to disclose truthful information on their own initiative, or in response to employee inquiries." *Krohn*, 173 F.3d at 547. As noted

above, the Fifth Circuit, in contrast, has interpreted *Varity* as permitting breach of fiduciary claims only where the plaintiff alleges that a fiduciary engaged in misleading practices that are not alleged here.

*Gearlds v. Entergy Servs., Inc.*, 709 F.3d 448 (5th Cir. 2013)—the only Fifth Circuit authority cited by Plaintiff in support of her arguments on these points (Objections ¶ 9)—does not contradict the authorities cited by the Shell Defendants, nor does it endorse any broader view of conduct that may support a claim for breach of fiduciary duty under ERISA. *Gearlds* involved allegations by the plaintiff that he retired early and gave up benefits under his wife's retirement plan after the defendants made affirmative oral and written misrepresentations to him that he would continue to receive medical benefits after his retirement. *Id*. at 449. The *Gearlds* court cited *In re Unisys Corp*. only as support for the proposition that allegations of <u>affirmative misrepresentations</u> by a fiduciary about the benefits to which a participant is entitled may plausibly allege a claim for breach of fiduciary duty. *Id*. at 452, n.1.

Plaintiff alleges that an employee of Shell told Mr. Huerta in an exit interview that he would be sent paperwork to "port over his insurance," but that the Shell Defendants never otherwise advised Mr. Huerta of his options to port or convert life insurance after his termination and he did not receive the paperwork. Even if these allegations are assumed to be true, they lead to the inference that Mr. Huerta understood that completing paperwork was something he needed to do to maintain life insurance after his termination. Yet Plaintiff does not allege that Mr. Huerta followed up with the Shell Defendants about this paperwork or that anything about his rights to port or convert life insurance was misrepresented by the Shell Defendants. These allegations simply to not rise to the level to support relief for breach of fiduciary duty in the Fifth Circuit. *See, e.g., Hobbs* 2007 WL 4223666 at *7 (holding that plan administrator's inadvertent mailing of

conversion notices to incorrect address was a ministerial error that did not rise to the level of a breach of fiduciary duty).

ERISA fiduciaries do not breach their fiduciary duties unless they have made intentionally misleading statements about rights or benefits or engaged in other behavior typically associated with fiduciary breaches. Plaintiff's Complaint contains no allegations that the Shell Defendants did anything intentionally to deceive Mr. Huerta concerning his rights or withheld information knowing that he was misinformed about how to exercise his rights and, consequently, Plaintiff has failed to plead facts that would support recovery on her claim for breach of fiduciary duty.

      **b.    The Magistrate correctly distinguished the facts of this case from the facts of *Keith*.**

In *Keith*, this Court held that there were genuine issues of fact concerning whether MetLife had misled the plaintiff through a letter that explained under what conditions he would be eligible to continue life insurance coverage and implied that certain terms were applicable to him that were not. *Keith*, 2017 WL 1026008 *1, 4. The Court further held that it could not conclude that the plaintiff's employer was free from liability for failing to fulfill its fiduciary duties after its Senior Vice President and Human Resources Manager reviewed MetLife's letter to the plaintiff, called MetLife to obtain clarification of its meaning, and learned that the letter did not disclose actions the plaintiff needed to take to continue his benefits, yet did not relay this information to the plaintiff. *Id*. *2, 5.

The Magistrate correctly concluded that there are no allegations in the instant case that are anything like the allegations in *Keith*. (Mem. & Recommendation 18-19.) *Keith*, in fact, is consistent with the Fifth Circuit authority cited above, standing only for the proposition that liability for breach of fiduciary duty may lie where there is evidence from which a reasonable fact finder could conclude that an employer effectively misled an employee about the circumstances

under which he was entitled to benefits. *See supra* § 2.a. Here Plaintiff only alleges that an HR employee of the Shell Defendants stated that Mr. Huerta would receive porting and conversion paperwork that he did not receive. There is no allegation that the terms under which he could continue life insurance benefits was ever misrepresented to him or that he was led to believe that completion of porting and conversion paperwork was unnecessary. Indeed, these terms were clearly set out in the Plan's SPD and an HR employee's reference to paperwork, if anything, alerted Mr. Huerta to the fact that there was something he needed to do to maintain life insurance coverage if he desired to do so.

In sum, a plaintiff plausibly alleges a claim for breach of fiduciary duty only if she alleges the fiduciary engaged in essentially deceptive conduct or made affirmative misrepresentations about benefits, neither of which is alleged in this case.

2. **The delivery of paperwork is an administrative act, not a fiduciary act.**

Even if a Shell employee told Mr. Huerta that forms to port or convert life insurance would be forwarded to him and were not,[3] the Magistrate correctly concluded, citing *Keith*, that there is no routine obligation of a plan or claims administrator to notify a participant of their options upon termination of employment and that providing paperwork in the event of termination is an exercise of administrative or ministerial duties and not fiduciary duties. (Mem. & Recommendation 16-17.) In so concluding, the Magistrate did not improperly rule on a mixed question of law and fact. Unlike in *Keith*, Plaintiff here does not allege that the defendants went beyond not providing additional information about options they had no routine obligation to provide by affirmatively misrepresenting what was required to continue benefits or knowingly failing to clarify a confusing

---

[3] Plaintiff alleges that Mr. Huerta was informed by a Shell HR employee in an exit interview at the time of his termination that "he would be sent paperwork to port over his insurance." (Objections 1; Compl. ¶ 18.) This allegation falls short of alleging that Mr. Huerta was specifically told he would be sent paperwork relating to porting of <u>life insurance</u> benefits.

communication about what was required. Accordingly, Plaintiff has failed to allege facts that could plausibly support the finding that the alleged acts of a Shell HR employee involved the exercise of the kind of discretion that might transform a plainly ministerial act into a fiduciary one.

### 3. The Magistrate did not improperly rely on the Shell Plan's SPD.

When a plaintiff does not attach a pertinent document to the complaint and that document contradicts the complaint, a defendant may attach that document as an exhibit to his motion to dismiss. *Franks v. Prudential Health Care Plan Inc.*, 164 F.Supp.2d 865, 871-72 (W.D. Tex. 2001) ("Here, the plan documents relied upon are specifically referenced in [the] complaint and these documents are central and necessary to [plaintiff's] cause of action, [and] these documents allegedly directly refute the complaint's assertion."). Relying on plan documents in such a circumstance does not convert a motion to dismiss into a motion for summary judgment.

In fact, even in circumstances where a plaintiff does not specifically refer to plan documents in the complaint, courts can consider the plan documents when the plaintiff's claims are based on rights under the plans that are controlled by the plan's provisions and described in the plan documents. *See Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997), *overruled on other grounds*, *Swierkiwica v. Sorema, N.A.*, 534 U.S. 506, 122 S. Ct. 992 (2002) (allowing consideration of plan documents in a motion to dismiss where a plaintiff's claims are based on rights under the plans that are controlled by the plans' provisions as described in the plan documents and where the documents are incorporated through reference to the plaintiff's rights under the plans, and they are central to plaintiff's claims); *see also Brown v. E.I. Du Pont De Nemours & Co.*, 2010 WL 3488799, *2 (S.D. Ohio Aug. 31, 2010) (allowing consideration of plan documents on a motion to dismiss where the plaintiff's claims are based on rights under the documents).

Plaintiff's argument that the Plan's SPD should not have been considered because the SPD does not govern in the event of a conflict between the SPD and the formal Plan document is a red herring as no conflict between the two has been alleged. Plaintiff's argument seems to imply, without authority, that the Shell Defendants have the burden to disprove a conflict between these documents when no such conflict is alleged. The Shell Defendants cited the SPD simply because it is dispositive evidence of rights and obligations of which Mr. Huerta was informed—the SPD being the summary of the Plan terms that ERISA requires a plan administrator to provide to participants like Mr. Huerta. Whether there is a conflict between the formal Plan document and the SPD does not change the fact that Mr. Huerta was informed of the contents of the SPD. In the absence of a claim that is actually predicated on an alleged inconsistency between the SPD and the formal Plan document, Plaintiff provides no basis for the Court not to consider the SPD for the reasons for which it is referenced in the Motion.

**4.      There is no basis for discovery.**

Plaintiff's request for discovery is predicated on the inaccurate claim that Defendants' motions to dismiss were effectively converted into summary judgment motions through Defendants' attachment of relevant plan documents to their motions. (Objections ¶ 22-23.) Because the plan documents may appropriately be considered by a court in connection with a motion to dismiss, Plaintiff's request for discovery lacks foundation.

## II.   CONCLUSION

For the reasons set forth above, Plaintiff's Objections to the Magistrate's Recommendation to grant the Shell Defendants' Motion to dismiss should be overruled. Plaintiff's Complaint must be dismissed against the Shell Defendants because, as set forth above, it fails to plead facts that can support a claim for breach of fiduciary duty.

9

Respectfully submitted,

/s/ Michael B. Bennett
Michael B. Bennett
State Bar No. 00796196
SDTX Bar No. 21828
Eversheds Sutherland (US) LLP
1001 Fannin, Suite 3700
Houston, Texas 77002
Telephone: 713 470 6105
Facsimile: 713 654 1301
michaelbennett@eversheds-sutherland.com

ATTORNEY-IN-CHARGE FOR DEFENDANTS SHELL OIL COMPANY AND SHELL OIL COMPANY COMPREHENSIVE WELFARE BENEFITS PLAN

OF COUNSEL:

Kelsey M. Machado
State Bar No. 24078968
SDTX Bar No. 1358285
Eversheds Sutherland (US) LLP
1001 Fannin, Suite 3700
Houston, Texas 77002
Telephone: 713 470 6124
Facsimile: 713 654 1301
kelseymachado@eversheds-sutherland.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing instrument was this 19th day of February, 2020, electronically filed with the Court's CM/ECF system which was electronically served upon all counsel of record.

*/s/ Michael B. Bennett*
Michael B. Bennett

10