Case 4:19-cv-01107   Document 42   Filed on 11/02/20 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
November 02, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WAGMA MINA HUERTA, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> SHELL OIL COMPANY AND SHELL OIL § <br> COMPREHENSIVE WELFARE BENEFITS PLAN, § <br> § <br> *Defendants*. § | Civil Action No. 4:19-cv-1107 |

## MEMORANDUM AND RECOMMENDATION

This case governed by the Employment Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* (ERISA) is before the Court on Defendants' Second Motion to Dismiss.[1] Dkt. 37. Having considered the parties' submissions and the law, the Court recommends that the motion be GRANTED IN PART and DENIED IN PART.

### I. Background

Plaintiff is the widow of Arturo Huerta who was a participant in the Shell Oil Company Comprehensive Welfare Benefits Plan (the Plan) while employed by Shell Oil Company (Shell). Shell is the administrator of the Plan. While employed, Arturo Huerta was enrolled in the Plan's Survivor Benefit and Group Life Insurance Programs which provided benefits under MetLife insurance policies. Shell terminated Arturo Huerta on February 28, 2017 and he died on May 18, 2017. Plaintiff filed a claim for benefits. MetLife denied benefits because Arturo Huerta did not complete the forms to "port or convert" his coverage and no premiums were paid following his termination.

Plaintiff filed an Original Complaint against Defendants seeking equitable relief for Defendants' breach of fiduciary duty in the denial of life insurance benefits.[2] Magistrate Judge Nancy

---

[1] The District Court referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. Dkt. 41.
[2] Plaintiff initially filed this case in the Western District of Texas, Austin Division, but did not oppose Defendants' motion

Johnson granted Defendants' Motions to Dismiss but granted Plaintiff leave to file a motion for leave to amend if she could "show that a private right of action is available for the alleged failure to produce documents." Dkt. 28.  Plaintiff filed her motion and Judge Johnson granted Plaintiff "leave to amend her complaint for the sole purpose of asserting a claim pursuant to 29 U.S.C. § 1132(a), (c) for the refusal to supply requested information." Dkt. 33.  The District Court adopted the Memorandum and Recommendation and Plaintiff filed an Amended Complaint. Dkt. 34; Dkt. 36.  Defendants sought reconsideration of Judge Johnson's order granting leave to amend, which was denied, but Judge Johnson agreed to consider Defendants' arguments in the context of ruling on Defendants' Second Motion to Dismiss.  Dkt. 35; Dkt. 40.

Plaintiff's Amended Complaint asserts claims against Shell and the Plan[3] for civil penalties under 29 U.S.C. § 1132(c), which provides that any ERISA plan administrator who "fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary ... within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to [$110] a day from the date of such failure..." Plaintiff's claims are based on Defendants' alleged failure to provide: (1) "a copy of the MetLife Policy or the policy produced by MetLife on March 24, 2019" and (2) "copies of the June 12, 2017 telephone recordings" of conversations between Plaintiff, Shell, and MetLife regarding whether MetLife sent Arturo Huerta notices regarding conversion or portability options.

Defendants move to dismiss Plaintiff's claims for statutory penalties because (1) claims procedure regulations do not create a right to recover statutory penalties under ERISA § 502(c); (2) only a plan "administrator" is liable for statutory penalties under ERISA § 502(c); (3) the June 2017 call transcripts are not the type of documents required to be produced under ERISA § 104(b)(4); and

---

to transfer venue to this district and division. Dkt. 14.
[3] Plaintiff was not granted leave to amend as to any claims against Metropolitan Life Insurance Company and it is no longer a defendant in this case.  *See* Dkt. 33.

Plaintiff cannot plausibly allege that Shell failed to provide a copy of the MetLife policy.

## II.  Rule 12(b)(6) Standards

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

Generally, the court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) motion. If a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for summary judgment. *See* FED. R. CIV. P. 12(d). However, the court may take judicial notice of public documents, and may also consider documents a defendant attaches to its motion to dismiss under 12(b)(6) if the documents are referenced in the plaintiff's complaint and central to the plaintiffs' claims. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011); *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir.2007).

## III.  Analysis

ERISA § 502(c)[4] provides that:

> Any administrator . . . who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested

---

[4] Codified at 29 U.S.C. § 1132(c).

> to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to [$110] a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

Plaintiff asserts two sources for the obligation to provide documents that it argues give rise to Plaintiff's claims for statutory penalties: 29 C.F.R. § 2560.503-1(h)(2)(iii)[5] and ERISA § 104(b)(4).[6] *See* Dkt. 38 at 3. A similar issue was addressed in *Elite Center for Minimally Invasive Surgery, LLC v. Health Care Serv. Corp.*, 221 F. Supp. 3d 853 (S.D. Tex. 2016) and that decision guides the Court's analysis of the issues presented here.

### 1. Plaintiff cannot state a claim based on violation of the DOL's regulation governing claim review procedures.

29 C.F.R. § 2560.503-1(h)(2)(iii) does not give rise to a claim for statutory penalties:

> [T]he cited DOL regulation, like the statutory provision it implements (ERISA § 503), imposes claim procedure requirements on the "plan," not the plan administrator. *Wilczynski v. Lumbermen's Mut. Cas. Co.*, 93 F.3d 397, 406 (7th Cir. 1996). This distinction is critical because ERISA § 502(c) authorizes a statutory penalty only for failures or refusals "to comply with a request for any information which such administrator is required by this title to furnish." (emphasis added). While the Fifth Circuit has not yet considered the precise issue in a published decision, the First, Second, Third, Sixth, Seventh, Eighth, Ninth, and Tenth Circuits have all agreed that the failure to follow "full and fair review" procedures does not give rise to a statutory penalty claim under § 502(c).

*Id.* at 859 (citations omitted); *see also Iwobi v. Adm'r, Lyondellbasell Ret. Admin.*, No. 4:17-CV-02347, 2019 WL 1058244, at *7 (S.D. Tex. Mar. 6, 2019) (holding that pension plan's failure to provide claims-related items does not give rise to a statutory penalty against the plan administrator, citing *Elite Center*). Plaintiff's attempt to distinguish *Elite Center* as a case that addressed the issue of whether a *de facto* plan administrator can be assessed penalties is misplaced. The court clearly ruled in *Elite Center* that no penalties can be assessed against an administrator for violation of the DOL's "full and fair" review regulation and the ruling has not been called into question by courts in this district or the Fifth Circuit. Therefore, to the extent Plaintiff makes a claim for statutory penalties

---

[5] Plaintiff also cites 29 C.F.R. § 2560.503(m)(8)(i)-(iv), but that section merely defines "document, record, or other information."
[6] Codified at 29 U.S.C. § 1024(b).

4

based on a violation of 29 C.F.R. § 2560.503-1(h)(2)(iii), the claim should be dismissed.

### 2. Plaintiff cannot state a claim against the Plan for statutory penalties.

As noted above, only a plan "administrator" is liable for statutory penalties under ERISA § 502(c). *Id.* The plan administrator is Shell. Therefore, any claim for 502(c) statutory penalties against the Plan on any basis should be dismissed.

### 3. Plaintiff cannot state a claim against the plan administrator for statutory penalties based on its failure to produce the call transcripts.

ERISA § 104(b)(4) requires the administrator, upon written request, to "furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated." The Fifth Circuit interprets the catch-all provision— other instruments under which the plan is established or operated— "narrowly so as to apply only to formal legal documents that govern a plan." *Murphy v. Verizon Commc'ns, Inc.*, 587 F. App'x 140, 144 (5th Cir. 2014). The June 12, 2017 telephone recordings are not "formal legal documents" nor do they "govern a plan." *See id.* at 145 (investment guidelines that were no alleged to be binding on the plan do not come within the catch all provision of § 104(b)(4)). Any claim against Shell for statutory penalties based on the failure to furnish the June 12, 2017 telephone call records should be dismissed.

### 4. Plaintiff has stated a plausible claim for statutory penalties for failure to furnish a copy of the plan.

Shell does not dispute that as the plan administrator it was required to furnish Plaintiff with a copy of the MetLife Insurance Policy within 30 days of a written request or be subject to penalties. Dkt. 37 at 10. However, Shell contends that Plaintiff's Amended Complaint does not allege facts that plausibly show it failed to meet this obligation.

Plaintiff alleges that on September 5, 2018 she sent a letter to Shell asking for "The MetLife policy or sample policy that was in effect as of May 12, 2017." Dkt. 36 ¶ 38. On October 2, 2018, Shell provided a MetLife insurance policy that it represented was in effect as of May 12, 2017. The

5

policy Shell provided has an effective date of January 1, 2005. *Id.* at ¶ 42. Plaintiff alleges that the policy Shell produced was not actually the policy in effect as of May 12, 2017. Plaintiff's allegation is based on the fact that MetLife attached to its March 2019 motion to dismiss a "policy" with an effective date of January 1, 2007. *Id.* at ¶ 43. Plaintiff alleges that "To this day, Shell and the Plan have never produced a copy of the MetLife Policy or the policy produced by MetLife on March 24, 2019. [Doc. 11-3]."

Shell contends that Plaintiff's allegations do not state a plausible claim because review of the MetLife's submission shows that it did not attach a copy of the *policy* but only of a *certificate of insurance*, "a document separate from the policy itself." Dkt. 37 at 10. Plaintiff does not allege that she submitted a written request for a copy of the certificate of insurance. *See* Dkt. 36 ¶ 38. Because the MetLife document (Dkt. 11-3) is expressly referenced in the Amended Complaint, the Court may consider it in determining whether Plaintiff has stated a claim for purposes of Defendants' motion to dismiss under 12(b)(6). However, the fact that the MetLife document appears to be a certificate of insurance and not the policy itself, does not fully resolve the issue as a matter of pleading. Plaintiff alleges Shell provided her with a policy with an effective date of January 1, 2005 and that the MetLife "policy" indicates an effective date of January 1, 2007. Based on the inconsistent effective dates, Plaintiff alleges Shell did not provide the requested policy. The Court cannot determine whether the date on the MetLife document reflects only the date of issuance of the certificate of insurance, or whether it reflects the effective date of the "Basic Life Insurance" policy to which is relates. *See* Dkt. 11-3 at 2. Thus, from the face of the Amended Complaint, the Court cannot determine that Shell provided to Plaintiff on October 2, 2018 the policy that was in effect on May 12, 2017. This issue may be easily resolved on summary judgment, but it cannot be resolved on Defendants' Rule 12(b)(6) motion.

### IV.     Conclusion and Recommendation

For the reasons stated above, the Court recommends that Defendants' Second Motion to Dismiss (Dkt. 37) be GRANTED IN PART AND DENIED IN PART.  Specifically, the Court recommends that the motion be denied as to Plaintiff's claim for statutory penalties pursuant to ERISA § 502(c) based on Shell's failure timely to furnish a copy of the MetLife Policy as required by ERISA § 104(b)(4).  The Court recommends that the motion be granted as to all other claims.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on November 02, 2020, at Houston, Texas.

_____
Christina A. Bryan
United States Magistrate Judge