Case 4:19-cv-01107  Document 52  Filed on 06/08/21 in TXSD  Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
June 08, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WAGMA MINA HUERTA, § § *Plaintiff*, § § v. § § SHELL OIL COMPANY AND SHELL OIL § COMPREHENSIVE WELFARE BENEFITS PLAN, § § *Defendants*. § | Civil Action No. 4:19-cv-1107 |

## MEMORANDUM AND RECOMMENDATION

This case, governed by the Employment Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* (ERISA), is before the Court on Defendant Shell Oil Company's Motion for Summary Judgment.[1]  ECF 49.  Having considered the parties' submissions and the law, the Court recommends that the motion be GRANTED.

**I. Background**

Plaintiff is the widow of Arturo Huerta who was a participant in the Shell Oil Company Comprehensive Welfare Benefits Plan (the Plan) while employed by Shell Oil Company (Shell). Shell is the administrator of the Plan.  While employed, Arturo Huerta was enrolled in the Plan's Survivor Benefit and Group Life Insurance Programs which provided benefits under MetLife insurance policies.  Shell terminated Arturo Huerta on February 28, 2017 and he died on May 18, 2017.  Plaintiff filed a claim for benefits.  MetLife denied benefits because Arturo Huerta did not complete the forms to "port or convert" his coverage and no premiums were paid following his

---

[1] The District Court referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 41.

termination.

Plaintiff filed an Original Complaint against Defendants seeking equitable relief for Defendants' breach of fiduciary duty in the denial of life insurance benefits.[2] Magistrate Judge Nancy Johnson granted Defendants' Motions to Dismiss but granted Plaintiff leave to file a motion for leave to amend if she could "show that a private right of action is available for the alleged failure to produce documents." ECF 28. After further review, the Court granted Plaintiff "leave to amend her complaint for the sole purpose of asserting a claim pursuant to 29 U.S.C. § 1132(a), (c) for the refusal to supply requested information." ECF 33 at 2. Shell filed a Second Motion to Dismiss (ECF 37), which the Court granted in part and denied in part. ECF 42. The Court dismissed all claims except Plaintiff's claim for statutory penalties against Shell, acting as the plan administrator, for failure to provide within 30 days of Plaintiff's request a copy of the MetLife Insurance Policy in effect as of May 12, 2017. The Court explained:

> The Court cannot determine whether the date on the MetLife document reflects only the date of issuance of the certificate of insurance, or whether it reflects the effective date of the "Basic Life Insurance" policy to which is relates. *See* ECF 11-3 at 2. Thus, from the face of the Amended Complaint, the Court cannot determine that Shell provided to Plaintiff on October 2, 2018 the policy that was in effect on May 12, 2017. This issue may be easily resolved on summary judgment, but it cannot be resolved on Defendants' Rule 12(b)(6) motion.

ECF 42 at 6. Shell has now filed a Motion for Summary Judgment on this last remaining claim. ECF 49.

## II.   Summary Judgment Standards

Defendants' motion for summary judgment in this ERISA case is governed by standard summary judgment rules. *Lebron v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pennsylvania*, No. 20-20165, 2021 WL 1396574, at *2 (5th Cir. Apr. 13, 2021) ("Standard summary judgment rules

---

[2] Plaintiff initially filed this case in the Western District of Texas, Austin Division, but did not oppose Defendants' motion to transfer venue to this district and division. ECF 14.

control in ERISA cases. *Ramirez v. United of Omaha Life Ins. Co.*, 872 F.3d 721, 725 (5th Cir. 2017") (citations omitted)).

Summary judgment is appropriate if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). Dispute about a material fact is "genuine" if the evidence could lead a reasonable jury to find for the nonmoving party. *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016). "An issue is material if its resolution could affect the outcome of the action." *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 310 (5th Cir. 2002). If the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and must present evidence such as affidavits, depositions, answers to interrogatories, and admissions on file to show "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

The court construes the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *R.L. Inv. Prop., LLC v. Hamm*, 715 F.3d 145, 149 (5th Cir. 2013). In ruling on a motion for summary judgment the Court does not "weigh evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence." *Honore v. Douglas,* 833 F.2d 565, 567 (5th Cir. 1987). However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008) (quoting *Celotex*, 477 U.S. at 325).

III.  **Analysis**

As part of this Court's ruling on Defendant's first motion to dismiss, the Court granted Plaintiff permission to file an Amended Complaint *solely* to assert a claim for civil penalties based on her allegation that Shell refused "to supply *requested* information." ECF 33 at 2 (emphasis added).  Plaintiff seeks statutory penalties for the withholding of documents in violation of 29 C.F.R. § 2560.503-1(h)(2)(iii) which states that "a claimant shall be provided, *upon request*. . . copies of, all documents, records, and other information relevant to the claimant's claim for benefits." (emphasis added).  Title 29 U.S.C. § 1132 provides the court with discretion to require an ERISA plan administrator to pay penalties of up to $110 per day if the plan administrator

> fails or refuses to comply *with a request* for any information which such administrator is required . . . to furnish to a participant or beneficiary ... within 30 days after such request ….

29 U.S.C. § 1132(c) (emphasis added).  Plaintiff seeks civil penalties in this suit for Shell's alleged failure to produce requested information within 30 days.

On September 5, 2018, Plaintiff's counsel requested, among other things, a copy of "[t]he MetLife policy or sample policy that was in effect as of May 12, 2017." ECF 49-1 at 45-46.  Shell responded on October 2, 2018, within 30 days of the request, and provided copies of what it represented was "the MetLife policies for the Survivor Benefit Program and the Group Life Insurance Program in effect as of May 12, 2017." ECF 49-1 at 51-52.  Shell has presented deposition testimony[3] establishing that the policies provided on October 2, 2018 are in fact the

---

3 Plaintiff objects to the deposition testimony of Todd Ebbinghaus as hearsay, speculation, and without foundation. ECF 50 at 8-10.  Plaintiff deposed Mr. Ebbinghaus as the corporate representative of Shell in its capacity as Plan Administrator.  Pursuant to his role as a designated Rule 30(b)(6) witness, Ebbinghaus prepared for his deposition by speaking with Chris Duke, the employee that provided the documents originally, and with MetLife, to confirm that the produced policies were in fact the correct policies in effect at the relevant time period. *Id.* at 7-8.  It was appropriate for Mr. Ebbinghaus as a corporate representative and pursuant to Rule 30(b)(6) to research the designated topics in order to testify on behalf of the Plan Administrator at the deposition.  Plaintiff's objections to his testimony are overruled.

Survivor Benefit Program and the Group Life Insurance Program policies that were in effect on May 12, 2017. ECF 49-1 at 7-8.[4] In her summary judgment response, Plaintiff does not dispute that the policies produced by Shell on October 2, 2018 are, in fact, the policies that were in effect on May 12, 2017. *See* ECF 50. Instead, Plaintiff argues she is entitled to civil monetary penalties because Shell also was obligated to produce within 30 days of her request a Certificate of Insurance dated January 7, 2017 (Certificate). ECF 50 at 6-7.

Plaintiff argues Shell was obligated to produce the Certificate in response to her request for the policies in effect as of May 12, 2017 because the Certificate itself states that it is "part of the Group Policy." ECF 49-1 at 91. However, Plaintiff provides no authority for the proposition that the certificate of insurance is an insurance policy falling within the scope of her request. Legal definitions for "certificate of insurance" indicate it is a document that serves as proof or evidence of insurance coverage. *See, e.g.*, *Employee Certificate of Insurance*, THE LAW DICTIONARY, FEATURING BLACK'S LAW FREE ONLINE LEGAL DICTIONARY, 2ND ED., https://thelawdictionary.org/employee-certificate-of-insurance/ (stating that an employee certificate of insurance provides "[p]roof an employee has this insurance coverage, typically as a member of a group plan."), last visited June 7, 2021; *Certificate of Insurance*, US LEGAL, LEGAL DEFINITIONS, https://definitions.uslegal.com/c/certificate-of-insurance/ (stating that a "[c]ertificate of insurance is a document issued by the insurance company or insured as an evidence of the insurance. The certificate is not a substitute for the actual policy, and is normally a non-negotiable document which cannot be assigned to a third party."), last visited June 7, 2021. The distinction between the January 1, 2007 Certificate and the policies is also illustrated by the fact that the policies include and were produced with all applicable Endorsements, some of which

---

4 The policies have effective dates of January 1, 1998 and January 1, 2005. ECF 49-1 at 53, 73.

became effective only after January 1, 2007.  Any summary of the policy contained in the January 1, 2007 Certificate of Insurance could not have discussed any later-dated Endorsements.  *See, e.g.,* 49-1 at 65, 83.

More importantly, it is uncontroverted on the summary judgment record that Plaintiff did not specifically request a copy of the Certificate of Insurance.  ECF 36 at ¶ 38, 36-2.  She requested a copy of "[t]he MetLife Policy or sample policy that was in effect as of May 12, 2017."  *Id.*; 49-1 at 45-46.  Plaintiff's argument that the Certificate of Insurance is "relevant" to Plaintiff's claim is without merit.  29 C.F.R. § 2560.503-1(h)(2)(iii) requires the Plan to produce relevant documents *upon request*.  Therefore, the Plan is not subject to statutory penalties for failure to produce documents that were never requested, regardless of whether the documents are relevant to the claim.

Finally, an award of civil penalties against a plan administrator for failing to provide requested documents is a matter of discretion.  29 U.S.C. § 1132(c) (an administrator "may in the court's discretion be personally liable . . .").  The statute does not require a plaintiff to prove she was prejudiced by the failure to produce requested documents.  However, "courts in the Fifth Circuit regularly decline to award statutory penalties in the absence of such aggravating factors" as prejudice or bad faith.  *Novick v. Shipcom Wireless, Inc.*, No. CV H-16-1020, 2018 WL 2758222, at *6 (S.D. Tex. May 31, 2018) (collecting cases).  Here, Plaintiff has not demonstrated she was prejudiced by Shell's failure to provide the Certificate along with the relevant policies.  Nor has Plaintiff demonstrated that Shell acted in bad faith by producing the relevant policies but not the Certificate.

In sum, Shell has presented evidence, not previously before the Court in the context of the Motion to Dismiss, that Shell timely provided the requested policies to Plaintiff on October 2,

2018.  Plaintiff has not controverted Shell's evidence.  Therefore, the Court finds Shell complied with Plaintiff's request for the relevant policies.

## IV.     Conclusion and Recommendation

Because Plaintiff did not meet her burden to create a genuine issue of material fact as to whether Shell timely produced the MetLife polices in effect as of May 12, 2017, the Court recommends that Shell's Motion for Summary Judgment be granted and Plaintiff's claim be dismissed with prejudice.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on June 08, 2021, at Houston, Texas.

_____
Christina A. Bryan
United States Magistrate Judge